[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that the respondent has improperly classified his sentence of eight (8) years as one which is subject to be served to a minimum of eighty-five (85) percent thereof pursuant toP.A. 95-255, and that, even if P.A. 95-255 was so intended, it violates his constitutional rights by being applied ex post facto.
The petitioner testified that as a result of his arrest on June 8, 1996 that he went to plea and was sentenced on January 17, 1997 for sale of narcotics and risk of injury to a minor for which he received two (2) concurrent sentences of fifteen (15) years execution suspended after eight (8) years with five (5) years probation. Subsequently he was notified that his sentence was subject to P.A. 95-255 and its requirement to serve eighty-five (85) percent thereof before being eligible for release despite being also notified that the offenses to which he pleaded guilty were not those listed as being violent crimes inP.A. 95-255. He acknowledged that the risk of injury charge was in substitution of a charge of sexual assault in the second degree, the underlying facts of which were recited for the record by the prosecutor as to the petitioner's plea. The petitioner CT Page 2574 claimed, under questioning by the respondent, that at the time of his plea that he was not told by his attorney or anyone else about the eighty-five (85) percent rule. He was offered by the court with no objection by the respondent, the right to amend his present petition, withdraw his present petition without prejudice so that he could bring a new petition enlarged by the respondent's questions or continue with the completion of this hearing. He chose to complete this hearing and to obtain a decision therefrom.
The respondent offered the testimony of John Sieminsky, an account supervisor with the respondent, charged with the duty to keep records of the offenders as to classification and calculations of their credit and jail time. He testified that the respondent does not determine to whom Conn. Gen. Stat. §54-125a applies nor whether such inmates are subject to serving 85% or 50% of their sentence for eligibility for parole, that function being that of the Board of Parole.
The court finds that the respondent warden did not classify the petitioner as to parole eligibility. Although the petitioner did not produce either Petitioner's Exhibit 1 or 2 as he indicated was included in his petition. The court does conclude that the Board of Parole notified him of their determination of eligibility under Conn. Gen. Stat. § 54-125a. SinceP.A. 95-255 authorized the Board to adopt regulations for procedures to classify violent offenders who may not be released or paroled until they have served eighty-five percent (85%) of their sentence, it is the Board's function to notify inmates affected by the amended statute, Conn. Gen. Stat. § 54-125a. Although this amendment adds a limitation to the Board's authority effective as of July 1, 1996, it does not give an inmate any right to demand or even apply for parole nor does it require the Board to actually consider any inmates's eligibility for parole even if he has fulfilled the statute's requirements. Vincenzo v.Warden, 26 Conn. App. 132, 141.
Therefore, the court dismisses the petition.
 Thomas H. Corrigan Judge Trial Referee